```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**SANDRA KELLY**                                                                      **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:04CV379BN**

**SANDRA SANDERS AND**
**MADISON COUNTY LIBRARY SYSTEM**                                    **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the following Motions in Limine, all of which were filed by Plaintiff on November 23, 2005:

1) Exclude Evidence Regarding Thad Kelly's Income (docket entry no. 38);

2) Exclude Evidence Relating to PERS Denial of Disability Benefits (docket entry no. 36); and

3) Exclude Evidence of Disability Income (docket entry no. 37).

Also considered is Defendants' *Ore Tenus* Motion to Bifurcate the Front Pay Issue, which was raised at the pretrial conference on December 9, 2005.

The Motions are considered under the following headings of this Opinion.

**1) Exclude Evidence Regarding Thad Kelly's Income**

This Motion has been confessed by Defendants. <u>See</u> Pretrial Order (docket entry no. 40), p. 3, ¶ 7. Accordingly, the Motion is

granted and Defendants will not be allowed to enter evidence of Thad Kelly's income at the trial of this cause.

**2) Exclude Evidence Relating to PERS Denial of Disability Benefits**

Since this Motion was filed, the parties have agreed that no direct evidence of denial of PERS benefits will be offered by the parties. See Pretrial Order (docket entry no. 40), p. 15, ¶ 15.c. However, such evidence may be used for impeachment purposes. Id. The Motion is granted in accordance with the agreement of the parties.

**3) Exclude Evidence of Disability Income  
and  
*Ore Tenus* Motion to Bifurcate the Front Pay Issue**

Through the Motion to Exclude Evidence of Disability Income, Plaintiff seeks to preclude the introduction of evidence that she has been found disabled by the Social Security Administration and of the amount of disability income (hereinafter "SS disability income") that she receives. Defendants object to the Motion, contending that any SS disability income should be considered as an offset to the front pay calculation, if Plaintiff is awarded front pay at the trial of this cause.

As to the finding made by the Social Security Administration that Plaintiff is disabled, the parties have agreed that neither the finding of disability by the Social Security Administration nor the failure to find disability by PERS will be offered.

As to the amount of Social Security disability income received by Plaintiff, this Motion must be considered in conjunction with Defendants' *Ore Tenus* Motion to Bifurcate the Front Pay Issue.  As the Court informed the parties at the December 9 pretrial conference, the Motion to Bifurcate is granted.  The mechanics of said bifurcation will be addressed at trial.[1]  If Plaintiff prevails on her underlying discrimination claim, then the Court will exercise its discretion in determining whether and to what extent an award of front pay is equitable under the facts of the case.

With regard to the Motion to Exclude SS Benefits, the Court denies this Motion, without prejudice.  Plaintiff and Defendants may re-assert their arguments on this issue at trial, if the Court finds that Plaintiff is entitled to front pay.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion to Exclude Evidence Regarding Thad Kelly's Income (docket entry no. 38) is hereby granted as confessed.

---

[1] As set forth at the December 9 pretrial conference, Plaintiff will be able to refer to lost employment income to prove her claim of emotional distress.  However, the *amount* of lost income will not be admissible as proof of said claim.

IT IS FURTHER ORDERED that the Motion to Exclude Evidence Relating to PERS Denial of Disability Benefits (docket entry no. 36) is hereby granted under the conditions set forth above.

IT IS FURTHER ORDERED that the Motion to Exclude Evidence of Disability Income (docket entry no. 37) is hereby denied, without prejudice.

IT IS FURTHER ORDERED that Defendants' *Ore Tenus* Motion to Bifurcate the Front Pay Issue is hereby granted under the conditions set forth above.

SO ORDERED this the 14th day of December, 2005.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE

tct